1
2
3
4
5
6
7
8                           IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANIEL KELLER,

11              Plaintiff,                    No.  CIV S-11-2519 MCE CKD PS

12        vs.

13   MONROE COUNTY POLICE DEPT.,

14              Defendant.                    ORDER

15   _____/

16        Plaintiff is proceeding in this action pro se.  The federal venue statute requires that

17   a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial

18   district where any defendant resides, if all defendants reside in the same State, (2) a judicial

19   district in which a substantial part of the events or omissions giving rise to the claim occurred, or

20   a substantial part of property that is the subject of the action is situated, or (3) a judicial district in

21   which any defendant may be found, if there is no district in which the action may otherwise be

22   brought."  28 U.S.C. § 1391(b).

23        In this case, it appears that a substantial part of the events giving rise to plaintiff's

24   claims occurred in Monroe County, Indiana, which is in the Southern District of Indiana,

25   Indianapolis Division.  Therefore, plaintiff's claim should have been filed in the United States

26   District Court for the Southern District of Indiana, Indianapolis Division.  In the interest of

1  justice, a federal court may transfer a complaint filed in the wrong district to the correct district.

2  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

3         Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the

4  United States District Court for the Southern District of Indiana, Indianapolis Division.

5   Dated: September 27, 2011

6

7  CAROLYN K. DELANEY
   UNITED STATES MAGISTRATE JUDGE

8

9

10  4

keller2.tra

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

2